McPHARLIN SPRINKLES &
THOMAS LLP
ELAINE M. SEID (Bar No. 72588)
PAUL S. AVILLA (Bar No. 120458)
10 Almaden Blvd, Suite 1460
San Jose, California  95113
Telephone (408) 293-1900
Facsimile (408) 293-1999

Attorneys for Appellant
THE CITY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| In re | Case No.   C-08-01239 WHA |
| PACIFIC GAS and ELECTRIC COMPANY, a California corporation | Joint Status Report and Request to Continue Stay of Appeal |
| Debtor. | |
| Tax I.D. No. 94-0742640 | |

The City of Santa Clara dba Silicon Valley Power ("SVP") and Pacific Gas and Electric Company ("PG&E") jointly submit the following Joint Status Report and Request to Continue Stay of Appeal.  (PG&E counsel has reviewed and approved the following statement).

The appeal presently before this court arises out of the PG&E bankruptcy action, pending in the United States Bankruptcy Court, Northern District, case no. 01-30923 before the Hon. Dennis Montali ("Bankruptcy Action").  SVP is a creditor in the Bankruptcy Action, having filed a proof of claim for amounts that SVP claims is owed from PG&E as a result of energy sold by SVP during the California Energy Crisis in December 2000 (the "SVP Claim").

The SVP Claim is classified in the PG&E Plan of Reorganization along with similar claims of other energy providers who sold energy during the California Energy Crisis.  The litigation regarding such claims is generally stayed, for the reason that the ultimate determination of these claims will depend on the outcome of proceedings pending before the Federal Energy

Regulatory Commission ("FERC") in which FERC will be ordering refunds from entities who sold energy into the California electricity market during the California Energy Crisis.

In the case of the SVP – PG&E energy sales, an issue arose in the FERC proceedings concerning whether the SVP energy sales were sales to PG&E, or sales directly into the energy market run by the California Independent System Operator ("CAISO"). The significance of this issue at FERC is that municipal generators such as SVP are exempt from FERC's refund authority. Thus, if the SVP energy sales were made directly into the CAISO energy market, FERC would not have the authority to order refunds in connection with those sales transactions. On the other hand, if the energy was sold to PG&E, with PG&E in turn selling the energy into the market, then FERC would have authority to order refunds from PG&E.

When this dispute regarding "who sold to whom" was raised at FERC, FERC would not address the issue, instead indicating that the issue resided between SVP and PG&E in the PG&E bankruptcy case. This prompted the parties to seek relief from the stay on claims litigation in the PG&E bankruptcy case, in order to have the Bankruptcy Court determine whether SVP sold energy to PG&E or directly into the CAISO market. In May 2005, the Bankruptcy Court agreed to hear and decide this single factual issue in connection with SVP's claim. The parties conducted discovery on that issue, including depositions of PG&E, SVP and CAISO employees. Trial was held on the factual issue in October 2007 and the Bankruptcy Court ultimately ruled that SVP sold energy directly into the CAISO market.

During discovery on the factual issue to be decided in Bankruptcy Court, SVP discovered evidence that it believes supports an alternative theory of recovery on the SVP Claim. SVP believes that PG&E mishandled a dispute process that PG&E undertook with the CAISO relating to the SVP energy sales. SVP believes the evidence supports a breach of fiduciary duty claim against PG&E and would result in recovery of the same amount as stated in SVP's proof of claim in the Bankruptcy Action. Moreover, SVP believes that its proof of claim preserves SVP's right to assert breach of fiduciary duty as a legal basis for its claim. PG&E denies all of these contentions.

Following the Bankruptcy Court ruling on the factual issue of who sold to whom, SVP filed a motion in Bankruptcy Court to amend SVP's proof of claim to include additional specific factual allegations to support a claim for breach of fiduciary duty against PG&E. That motion was denied by the Bankruptcy Court. This appeal followed. However, at the time SVP filed its Notice of Appeal, the parties had begun discussing resolution of the SVP Claim. The parties agreed to seek a stay of this appeal, pending PG&E's efforts to convince FERC to exempt the SVP energy sales from the refund proceeding, on the basis of the Bankruptcy Court's ruling that SVP sold energy directly into the CAISO market.

On May 8, 2008, PG&E filed a Motion For Clarification of Refund Rerun Issue at FERC, in which PG&E is seeking to exempt the SVP energy sales on the basis of the Bankruptcy Court's decision. PG&E and SVP are requesting that the stay of this appeal continue until FERC has made a ruling on PG&E's motion. Depending on the outcome of that motion, the parties may be able to resolve all issues surrounding the SVP Claim, which would obviate this appeal.

There is no set time table for FERC to rule on PG&E's motion, although the parties expect that a ruling would be made within the next six to eight months.

SVP and PG&E respectfully request that the Court continue the stay in effect on this appeal and schedule a further status conference six months from now.

DATED: June 27, 2008                McPHARLIN SPRINKLES & THOMAS LLP


By:____/s/ Paul S. Avilla_____
          PAUL S. AVILLA
Attorneys for THE CITY OF SANTA CLARA,
DBA SILICON VALLEY POWER